THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF ST. PETERSBURG,

    Plaintiff,

v.                                CASE NO.:

CSX TRANSPORTATION, INC.

    Defendant.

_____/

## COMPLAINT FOR QUIET TITLE AND DECLARATORY ACTION

COMES NOW the Plaintiff, City of St. Petersburg, Florida, a Florida municipal corporation ("City"), by and through their undersigned counsel, and sue the Defendant, CSX Transportation Inc., a Virginia corporation, ("CSX"), and alleges:

### Venue and Jurisdiction

1. This is an action involving real property in Pinellas County, Florida, described as a railroad right-of-way in downtown St. Petersburg, running from 5th Avenue North to 9th St. West, and as also described as:

> RR R/W IN N 1/2 OF SEC 24 DESC BEG 495FT(S) W OF NE COR OF NW 1/4 TH SE'LY THRU DPW SUB TO 16TH ST N TH CONT SE'LY THRU BLK L OF HARVEY'S SUB, JACKSON'S PARK REV, PUBLIC SAFETY COMPLEX REV & 16TH STREET SUBSTATION SUB TO 1ST AVE N TH CONT SE'LY THRU CENTRAL LAND & TITLE CO'S REP & POLICE COMPLEX REP TO CENTRAL AVE TH CONT SE'LY THRU CENTRAL LAND & TITLE CO'S REP & JC BLOCKER'S 2ND SUB TO 1ST AVE S TH E ALG N & S R/W LINES OF 1ST AVE S TO 9TH ST S CONT 4.52AC(C) ("Railroad Segment")

2. Venue is proper under 28 USC §1391 (2019) as the action concerns a dispute over rights to real property in Pinellas County, Florida.

3. Subject-matter jurisdiction is proper under 28 U.S.C. §1331 (2019) and 28 U.S.C. §1336 (2019) as the action primarily concerns questions of federal law particular to railroads, including but not limited to the authority of the Surface Transportation Board and interpretation of a prior order. This Court has original jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367 (2019). Jurisdiction is also proper pursuant to 28 U.S.C. §1332 (2019) because there is diversity between the parties and the value of the property in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Personal Jurisdiction is proper under Fla. Stat. §48.193 (2019) as CSX engaged in business within the state and its headquarters is located in Florida.

### Facts

5. CSX is the current owner of a right-of-way over the Railroad Segment.

6. CSX's predecessor in interest acquired its rights to the Railroad Segment pursuant to a grant of right-of-way authorized by state and/or federal law.

7. CSX is a rail carrier and a common carrier as defined by 49 U.S.C. §10102(5) (2019).

8. Discontinuance of service by rail carriers and the abandonment of rail lines are subject to the authority of the Surface Transportation Board ("STB") pursuant to 49 U.S.C. §1152.1 (2019).

9. The City owns property and rights to property adjacent to and concurrent with the Railroad Segment.

10. The City purchased certain segments of rail line, which originated with CSX, pursuant to a conveyance by the Florida Department of Transportation for the CSX Transportation right-of-way referred to as the St. Petersburg Corridor from 34th St. South to Dr. Martin Luther

King, Jr. Street (see "Trail Deed" as recorded in the official records of Pinellas County, Florida in Book 15702, on Pages 1020-1026 and attached as Exhibit "A") ("Pinellas Trail Segment") as authorized by Resolution No. 2006-82 of the City Council of the City of St. Petersburg, Florida (see resolution attached as Exhibit "B").

11. The Pinellas Trail Segment is currently operated as a trail pursuant to a trail use agreement and the STB maintains jurisdiction over the line, *see* STB Docket No. AB_55_646_X.

12. The City, a municipality in which the Rail Segment lies, continuously maintained and repaired portions of the Railway Segment, without interruption, for more than four years.

13. The City has certain rights to the Railroad Segment under state and federal law by virtue of being a municipality, an abutting landowner, a purchaser, and having other concurrent rights to the Railroad Segment, including but not limited to the dedications made by prior owners (see "Original Plat" attached as Exhibit "C").

14. On May 30, 2019 and in response to a recent email from the City concerning longstanding discussion regarding converting the Railroad Segment to trail use, the City received an email from CSX representative Catherine Atkins indicating that CSX had entered into a purchase and sale agreement with an undisclosed entity to transfer rights to the Railroad Segment (see "CSX Letter" attached as Exhibit "D").

15. All conditions precedent to bringing the claims and all counts asserting herein have occurred, or have been waived or excused.

### Count I – Declaratory Action (43 USC §912)

16. This is an action for declaratory judgment pursuant to Fla. Stat. § 86.011 and 28 USC §2201 (2019).

17. The City re-alleges paragraphs 1 through 14 as set forth above.

18. There is a bona fide dispute between the City and CSX regarding each other's ownership and rights to the Railroad Segment.

19. Pursuant to 43 USC §912 (2019), disposition of all railroad land acquired via certain land grants are governed exclusively by federal statute.

20. 43 USC §912 states that "except lands within a municipality the title to which, upon forfeiture or abandonment, as herein provided, shall vest in such municipality, and this by virtue of the patent thereto and without the necessity of any other or further conveyance or assurance of any kind or nature whatsoever".

21. Accordingly, in the event of abandonment, title to the Railroad Segment must necessarily vest in the City of St. Petersburg.

22. The City has a justiciable question of federal law as to its rights to the Railroad Segment.

23. Due to the CSX Email, there is a bona fide, actual and present need for a declaration by the Court to set forth the parties rights in regard to the Railroad Segment.

WHEREFORE, the City requests a declaratory judgment stating that in the event of abandonment of the Railroad Segment, title to the Railroad Segment would automatically vest in the City.

### Count II - Declaratory Action (Surface Transportation Board)

24. This is an action for declaratory judgment pursuant to Fla. Stat. § 86.011 and 28 USC §2201 (2019).

25. The City re-alleges paragraphs 1 through 14 as set forth above.

26. There is a bona fide dispute between the City and CSX regarding each other's ownership and rights to the Railroad Segment.

27. Pursuant to Federal Law, including but not limited to 49 USC §10905 and *Gulf M. & O.R.R.*, 128 F. Supp. 311 (N.D. Ala.1954), sale of a rail line is permissive, and permission must be granted by the Surface Transportation Board.

28. CSX does not have permission from the STB for this transfer.

29. Because such transfer is only granted after consideration of relevant factors by the STB, the City, as both an abutting landowner and a municipality in which the Rail Segment lies, has standing to challenge such a request before the STB.

30. The City has a justiciable question of federal law as to its rights of CSX to transfer the Railroad Segment.

31. Due to the CSX Email, there is a bona fide, actual and present need for a declaration by the Court to set forth the parties rights in regard to the Railroad Segment.

WHEREFORE, the City requests a declaratory judgment stating that CSX may not sell the Railroad Segment without express authorization from the STB.

## Count III – Declaratory Action (Easement)

32. This is an action for declaratory judgment pursuant to Fla. Stat. § 86.011 and 28 USC §2201 (2019).

33. The City re-alleges paragraphs 1 through 14 as set forth above.

34. There is a bona fide dispute between the City and CSX regarding each other's ownership and rights to the Railroad Segment.

35. CSX's right to the railroad Segment was reserved as a limited right-of-way grant.

36. The City's rights to the land were created by virtue of the dedications and grants, some of which were made during the original creation of the City, as evidenced by the Original Plat.

...

37. Under state and federal law, the City's rights in the Railroad Segment can be considered fee interests, while CSX's rights to the Railroad Segment are most reasonably categorized as an easement interest to maintain rail lines.

38. Because CSX's rights are limited, any attempt to discontinue use or transfer rights beyond what they possess would either overburden the rights CSX possesses or cause the easement to be abandoned and revert to ownership by the owner of the fee interest.

39. The City has a justiciable question as to its rights of CSX to the Railroad Segment.

40. Due to the CSX email, there is a bona fide, actual and present need for a declaration by the Court to set forth the parties rights in regard to the Railroad Segment.

WHEREFORE, the City requests a declaratory action confirming rights and title of the named Parties to the Railroad Segment.

## Count IV - Quiet Title (Previous Sale)

41. This is an action to quiet title pursuant to Fla. Stat. § 65.061 (2017) to establish certain rights for the City of St. Petersburg related to the Railroad Segment.

42. City re-alleges paragraphs 1 through 39 as set forth above.

43. At all times material hereto, the City was lawful owner of certain rights to the Railroad Segment, described in paragraph 1.

44. Plaintiffs acquired title to portions of the subject real property by virtue of Trail Deed and Original Plat, among other sources.

45. Plaintiffs have continued to maintain the Pinellas Trail Segment.

46. The Railroad Segment and the Pinellas Trail Segment appear to include portions of the same land, as evidenced by the CSX email.

47. If CSX were allowed to transfer certain rights to the Railroad Segment, the City believes it would constitute a cloud on the City's title.

48. If the Court grants the relief requested by the City, it's rights in the Pinellas Trail Segment would be made marketable.

WHEREFORE, the City requests title to be quieted for those portions of the Railroad Segment already transferred to the City as set forth above.

### Count V – Quiet Title (Fla. Stat. §95.361)

49. This is an action to quiet title pursuant to Fla. Stat. § 65.061 (2017) to establish certain rights for the City of St. Petersburg related to the Railroad Segment.

50. City re-alleges paragraphs 1 through 47 as set forth above.

51. At all times material hereto, the City was lawful owner of certain rights to the Railroad Segment, described in paragraph 1.

52. At all times material to this claim, the City was a municipal corporation, lawfully organized and existing under the laws of the State of Florida.

53. Fla. Stat. §95.361 (2019) states:

> "When a road, constructed by a county, a municipality, or the Department of Transportation, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or the Department of Transportation, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether or not the road has been formally established as a public highway. The dedication shall vest all right, title, easement, and appurtenances in and to the road in: (a) The county, if it is a county road; **(b) The municipality, if it is a municipal street or road**; or (c) The state, if it is a road in the State Highway System or State Park Road System, whether or not there is a record of a conveyance, dedication, or appropriation to the public use." (**emphasis added**)

54. The City has continuously maintained and repaired portions of the Railroad Segment, without interruption, for a period of more than four years.

55. The City is entitled to take unencumbered title to those portions pursuant to state law.

56. If the Court grants the relief requested by the City, it's rights would be made marketable.

WHEREFORE, the City requests title to be quieted for those portions of the Railroad Segment continually maintained as city streets for more than four years as set forth above.

Respectfully submitted this 26th day of June, 2019.

        OFFICE OF THE CITY ATTORNEY
        FOR THE CITY OF ST. PETERSBURG

        By: /s/ Bradley S. Tennant
           BRADLEY S. TENNANT
           FBN: 123942
           Assistant City Attorney
           eservice@stpete.org
           Bradley.tennant@stpete.org

        By: /s/ Kenneth W. MacCollom
           Kenneth W. MacCollom
           FBN: 68705
           Assistant City Attorney
           eservice@stpete.org
           kenneth.maccollom@stpete.org

        City of St. Petersburg
        P.O. Box 2842
        St. Petersburg, FL 33731
        Telephone: (727) 893-7401